489·15

No. 01-13-00593-CR

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

BOBBY DEWAYNE EVANS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

FILED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

ON APPEAL FROM THE CRIMINAL DISTRICT COURT
OF JEFFERSON COUNTY, TEXAS, IN CAUSE NO. 12-14438

# APPELLANT'S BRIEF

SUBMITTED BY:

BOBBY DEWAYNE EVANS
APPELLANT
STILES UNIT
3060 F.M. ROAD 3514
BEAUMONT, TEXAS 77705
TDCJ #05669758
JUNE 26, 2015

## IDENTITY OF PARTIES & COUNSEL

**PARTIES**

BOBBY DEWAYNE EVANS,
APPELLATE COURT

THE STATE OF TEXAS

TRIAL JUDGE

**COUNSEL**

JACK LAWRENCE, APPEAL COUNSEL
5570 WINFREE
BEAUMONT, TEXAS 77705
(409) 833-0894
(409) 835-4567 FAX

GAYLYN COOPER, TRIAL COUNSEL
1104 ORLEANS STREET
BEAUMONT, TEXAS 77701
SBN#04774700
(409) 832-6333

BOBBY ORTEGO
ASSISTANT DISTRICT ATTORNEY
JEFFERSON COUNTY DISTRICT ATTORNEY
1001 PEAR
BEAUMONT, TEXAS 77701
SBN#00795571
(409) 835-8550
(409) 835-8573 FAX

HONORABLE JOHN B. STEVENS
CRIMINAL DISTRICT COURT
JEFFERSON COUNTY COURTHOUSE
1001 PEAL
BEAUMONT, TEXAS 77701
(409) 835-8400

## REQUEST FOR ORAL ARGUMENT

APPELLATE COURT CONDITIONALLY REQUESTS ORAL ARGUMENT HEREIN. IF ORAL ARGUMENT IS GRANTED TO ANY OTHER PARTY TO THIS APPEAL, THEN APPELLATE RESPECTFULLY REQUESTS ORAL ARGUMENT AS WELL.

## STATEMENT OF THE CASE.

APPELLATE BOBBY DEWAYNE EVANS WAS INDICTED IN CAUSE NO. 12-14438 FOR AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03, FOR AN OFFENSE ALLEGEDLY OCCURRED ON MARCH 30, 2012. APPELLATE JURY TRIAL IN THE JEFFERSON COUNTY CRIMINAL DISTRICT COURT OCCURRED BETWEEN MAY 20-22, 2013, HONORABLE JUDGE JOHN B. STEVENS PRESIDING, WITH APPELLATE BEING FOUND GUILTY. ON JUNE 17, 2013, JUDGE STEVENS SENTENCED APPELLATE TO (50) YEARS IN T.D.C.J WITH A CLAIM FINDING OF USE OF A DEADLY WEAPON (WITHOUT A FIRE ARM) BUT NO WEAPON WERE EVER PRESENTED IN TRIAL (CR, I: 103). A WRITTEN NOTICE OF APPEAL WAS FILED ON JUNE 17, 2013 (CR, I: 114). A MOTION FOR NEW TRIAL WAS FILED ON JULY 9, 2013 (CR, I: 118). AND AN ORDER DENYING MOTION FOR NEW TRIAL WITHOUT A HEARING WAS ENTERED ON JULY 12, 2013 (CR, I: 140). A REQUEST FOR FINDING OF FACTS AND CONCLUSIONS OF LAW WAS FILED ON JUNE 25, 2013 (CR, I: 117). A MOTION TO ABATE THE APPEAL AND REMAND FOR SUCH FINDINGS WAS FILED IN AUGUST, 2013. NO RESTITUTION WAS ORDERED.

APPELLATE BOBBY DEWAYNE EVANS WAS ARRESTED IN THIS CASE AND CAUSE NO. JUNE 19, 2012 AND INDICTED FROM SOMETIME JUNE 19, 2012 TO AUGUST 05, 2012 IN CAUSE NO. 12-14438.

APPELLATE TRIAL WAS UNFAIR AND COURT APPOINTED ASSISTANCE COUNSEL'S WERE VERY INEFFECTIVE ASSISTANT COUNSEL'S BECAUSE OFFICER VAUGHN NEVER ARREST(ED) APPELLATE BOBBY DEWAYNE EVANS FOR AN AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03, MARCH 30, 2012 OR JUNE 19, 2012.

APPEARS AT CLERK'S RECORD IN BEAUMONT TX JEFFERSON COUNT, I: 126), THAT OFFICER VAUGHN ARREST APPELLATE FOR MARIHUANA WARRANT MARCH 29, 2012.

## 11. MOTION TO SUPPRESS

"MY TRIAL WAS UNFAIR AND MY COURT APPOINTED ASSISTANCE COUNSEL'S WERE VERY INEFFECTIVE MAY 20-22, 2013 BECAUSE GAYLYN COOPER SBN#04774700 FELL ASLEEP DURING THE TRIAL ON APPELLANT BOBBY DEWAYNE EVANS IN CAUSE No. 12-14438.

THE ASSISTANCE COUNSEL HAD ME TO GO HOME AND WRITE DOWN MY SIDE OF THE STORY ASWELL AS MY GIRLFRIEND WHO HAPPEN TO BE THE WITNESS. [PENZALLA I. WINSTON] I EXPLAINED IN WRITING AS THE COURT APPOINTED ASSISTANCE COUNSEL REQUESTED BETWEEN THE MIDDLE MONTH OF APRIL 14, 2013.

I EXPLAINED TO GAYLYN COOPER THAT ON MARCH 29, 2012 MY GIRLFRIEND AND I WERE ARRESTED BY OFFICER VAUGHN FOR OUTSTANDING WARRANTS.

I COULD ONLY WRITE AND EXPLAIN MARCH 29, 2012 TO COURT APPOINTED GAYLYN COOPER TO HELP HIM UNDERSTAND THAT I NEVER EVER WAS ARRESTED WITH MY GIRLFRIEND BY OFFICER VAUGHN MARCH 30, 2012, OR EVER AROUND THE COMPLAINANT NOR DID I EVER GO BEFORE ANY JUDGE MARCH 30, 2012 INSIDE THE JEFFERSON COUNTY JAIL AT ANY-TIME BEING CHARGED WITH AN AGGRAVATED ROBBERY.

MY TRIAL WAS UNFAIR AND MY COURT APPOINTED ASSISTANCE COUNSEL WERE VERY INEFFECTIVE BECAUSE I PERSONALLY HANDED GAYLYN COOPER FORMS MOTION TO SUPPRESS AND MOTION TO DISCOVERY APRIL, 2013 THAT I HAD TAKEN FROM THE JEFFERSON COUNTY JAIL WHEN BONDED OUT ON A $30,000 BOND CAUSE No. 12-14438.

GAYLYN COOPER WAS INEFFECTIVE COURT APPOINTED ASSISTANCE BECAUSE I ASKED THE COURT APPOINTED COUNSEL TO ARGUE THE INDICTMENT BECAUSE I NEVER TALKED TO OFFICER VAUGHN ON MARCH 30, 2012 AT NO TIME NOR WAS I ARRESTED BY OFFICER VAUGHN MARCH 30, 2012 FOR AN AGGRAVATED ROBBERY.

MARCH 30, 2012 I WAS NEVER QUESTIONED BY OFFICER VAUGHN AT THE JEFFERSON COUNTY JAIL AT NO TIME NOR DID OFFICER VAUGHN COME TO THE JEFFERSON COUNTY JAIL AFTER HE ARREST ME AND MY GIRLFRIEND PENZALLA I. WINSTON MARCH 29, 2012 [FOR OUTSTANDING WARRANTS.]

THE TRIAL COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL BECAUSE HE CONCLUDED TO ONLY TELL ME THAT HE HAD ALL THE PAPER WORK & HE SAW THE VIDEO-AUDIO TAPE'S, BUT, HE GET IN COURT AND STATE THAT HE NEITHER KNEW ABOUT ANYTHING.

(1)

HE ALSO HANDED ME THE HOSPITAL PAPER WORK IN APRIL, 2013 AND STATE IN TRIAL ITS HIS FIRST TIME SEEING THE HOSPITAL PAPER WORK AS WELL.

"MY TRIAL WAS UNFAIR AND MY COURT APPOINTED ASSISTANCE COUNSEL WERE VERY INEFFECTIVE MAY 20-22, 2013 BECAUSE THE TRIAL COURT COUNSEL MOVED TO SUPPRESS EVIDENCE OF CERTAIN STATEMENTS THAT THE ACCUSED MADE TO OFFICER VAUGHN PRIOR TO THE ACCUSED AND WINSTON ARREST (MARCH 29, 2012) BY OFFICER VAUGHN AT 5:43 P.M.

THE TRIAL COURTS APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE COUNSEL BECAUSE OFFICER VAUGHN AS A WHOLE WAS TO BE SUPPRESSED OUT OF THE TRIAL. THE SUPPRESSION HEARING WAS HELD MID-TRIAL AND OUTSIDE THE PRESENCE OF THE JURY. HOWEVER, THE COURT CONCLUDED THE HEARING WITHOUT RULING ON THE MOTION. JACKSON V. DENNO, 378 U.S. 368, 84 S. CT. 1774, 12 2. ED. 2d 908 (1964). DURING THE SUPPRESSION HEARING, OFFICER VAUGHN TESTIFIED ABOUT THE DATE: (MARCH 29, 2012) THAT HE DID NOT WARN THE ACCUSED OR MS. WINSTON OF THEIR MIRANDA RIGHTS. WHEN OFFICER VAUGHN ARRESTED THEM (MARCH 29, 2012) FOR OUTSTANDING WARRANTS IN JEFFERSON COUNTY. BEFORE (MARCH 30, 2012), APPEARS AT CLERK'S RECORD, IN BEAUMONT, I: 126).

## A. VIDEO RECORDING

COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE BECAUSE THE TRIAL COURTS COUNSEL'S CONTENDS THAT THE COURTS FAILURE TO DISCLOSE A VIDEO-AUDIO RECORDING OF STATEMENTS THE ACCUSED AND WINSTON MADE TO OFFICER VAUGHN (MARCH 30, 2012), VIOLATED THE ACCUSED CONSTITUTIONAL RIGHTS. MEANS, 429 S.W. 2d AT 494; COLLINS, 642 S.W. 2d AT 85-87.

THIS IS INEFFECTIVE ASSISTANCE COUNSEL BECAUSE THE TRIAL COURT COUNSEL'S FAILURE TO EXPLAIN (MARCH 29, 2012) THAT THE ACCUSED AND WINSTON WAS (ARRESTED) BY OFFICER VAUGHN AND VIDEO RECORDING BY THE POLICE IS ON (MARCH 29, 2012), THIS IS INEFFECTIVE ASSISTANCE COUNSEL FOR GAYLYN COOPER TO ARGUE (MARCH 30, 2012) WHICH IS WRONG DATE. THE ACCUSED AND WINSTON WAS IN THE JEFFERSON COUNTY JAIL (MARCH 29, 2012) ARRESTED BY OFFICER VAUGHN. APPEARS AT CLERK'S RECORD, IN BEAUMONT, I: 126.)

THE COURT APPOINTED ASSISTANCE COUNSEL GAYLYN

(2)

COOPER WAS VERY INEFFECTIVE ASSISTANCE COUNSEL (MAY 20-22, 2013) BECAUSE WHEN THE EXISTENCE OF UNDISCLOSED BRADY MATERIAL IS FIRST DISCOVERED DURING TRIAL (MAY 20-22 2013), THE COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER MUST SEEK A CONTINUANCE TO OBTAIN THE EVIDENCE OR RISK WAIVER OF THE ISSUES BECAUSE (FAILURE TO REQUEST A CONTINUANCE MAY 20-22, 2013) INDICATES THAT THE TARDY DISCLOSURE OF THE EVIDENCE WAS NOT PREJUDICAL." STATE V. FURY, 186 S.W. 3d 67, 73-74 (TEX. APP.— HOUSTON [1ST DIST.] 2005, PET. REF'd) (CITING DAVIS V. STATE, 992 S.W. 2d 8, 12 (TEX. APP.— HOUSTON [1ST DIST.] 1996, NO PET.)). BECAUSE THE TRIAL COURT DID NOT SEEK A CONTINUANCE, THE COURT CONCLUDED THAT THE TARDY DISCLOSURE OF THE POSSIBLE EXISTENCE OF A VIDEO RECORDING THAT WAS NOT SHOWN TO BE MATERIAL COULD NOT HAVE RESULTED IN PREJUDICE (MAY 20-22, 2013).

THIS IS VERY INEFFECTIVE ASSISTANCE COUNSEL BY GAYLYN COOPER BECAUSE HE'S BEEN IN PRACTICE OVER 50 YEARS.

UNDER ARTICLE 44.02, TEXAS CODE OF CRIMINAL PROCEDURE, THE DEFENDANT IS GENERALLY SAID TO HAVE WAVED THE RIGHT IF THE DEFENDANT DOES NOT GIVE WRITTEN NOTICE OF APPEAL WITHIN (30) DAYS OF SENTENCING. TEX. R. APP. P. 26.2 (A)(1). HOWEVER, IF A DEFENDANT RELIED ON COUNSEL TO HANDLE THE APPEAL, THEN THE DEFENDANT (IS ENTITLED) TO EFFECTIVE ASSISTANCE OF COUNSEL ON THE FIRST APPEAL. EVITTS V. LUCEY, 469 U.S. 387, 105 S. CT. 830 (1985).

B. FAILURE TO RULE ON MOTION TO SUPPRESS.
THE TRIAL COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WAS VERY INEFFECTIVE ASSISTANCE COUNSEL BECAUSE IN ISSUE NINE, THE TRIAL COURT APPOINTED COUNSEL ARGUES THAT THE COURTS ERRED BY ADMITTING OFFICER VAUGHN'S REBUTTAL TESTIMONY WITHOUT RULING ON THE MOTION TO SUPPRESS IN PARTICULAR, THE TRIAL COURT COUNSEL CONTENDS THAT THE TESTIMONY THAT SHOULD HAVE BEEN SUPPRESSED PRIMARILY CONCERNED ORAL STATEMENTS TO OFFICER VAUGHN THAT COMPLAINANT HAD INFLICTED INJURIES ON HIMSELF.

(3)

TRIAL COURT APPOINTED ASSISTANCE COUNSEL DID NOT OBJECT TO THE COURTS FAILURE TO RULE ON THE MOTION TO SUPPRESS MAY 20-22, 2013, NOR DID GAYLYN COOPER REURGE THE MOTION OR OTHERWISE OBJECT WHEN OFFICER VAUGHN TESTIFIED DURING THE STATE'S REBUTTAL CASE.
IN ADDITION, SOME OF THE TESTIMONY CHALLENGED ON APPEAL WAS SOLICITED BY TRIAL COURT ASSISTANCE COUNSEL GAYLYN COOPER ON CROSS-EXAMINATION MAY 20-22, 2013.
FOR THOSE REASONS, THE COURT HOLD THIS ISSUE WAS WAIVED. SEE TEX. R. APP. P. 33.1; LEDAY V. STATE, 983 S.W. 2d 713, 718 (TEX. CRIM. APP. 1998).

§ 4.71 VOID INDICTMENT
"MY TRIAL WAS UNFAIR AND MY COURT APPOINTED ASSISTANCE COUNSEL'S WERE VERY INEFFECTIVE MAY 20-22, 2013 BECAUSE GAYLYN COOPER FAILURE TO MENTION THE ERRORS IN THE INDICTMENT SUCH AS DATES, TIMES ETC., MUST BE OBJECTED TO PRIOR TO TRIAL. TEX. CODE. CRIM. PROC. ART. 1.14 (b).

1. FORMAL PREQUISITES OF AN INDICTMENT
THERE ARE SEVERAL FORMAL ELEMENTS OF AN INDICTMENT WHICH MUST BE PRESENT; OTHERWISE, THE INDICTMENT IS VOIDABLE. THESE FORMAL ELEMENTS ARE CONTAINED IN ARTICLE 21.02 TEXAS CODE OF CRIMINAL PROCEDURE. THEY ARE AS FOLLOW:
(D) MUST APPEAR THAT THE GRAND JURY WAS OF THE PROPER COUNTY; (G) MUST NOT ALLEGE AN IMPOSSIBLE DATE (DATE OF OFFENSE CANNOT BE AFTER DATE OF INDICTMENT); (H) MUST ALLEGE A DATE NOT BARRED BY STATUTE OF LIMITATION; AND (I) THE REQUIREMENTS OF ARTICLE 21.02 ARE THAT THE OFFENSE MUST BE SET FORTH IN PLAIN AND INTELLIGIBLE LANGUAGE AND IT MUST BE SIGNED BY THE GRAND JURY FOREMAN.
THESE ERRORS GENERALLY MUST BE RAISED BY A MOTION TO QUASH.
THE TRIAL COURT ASSISTANCE COUNSEL GAYLYN COOPER WERE INEFFECTIVE COUNSEL BECAUSE HE FAILED TO FILE AND RAISE A MOTION TO QUASH ANY OF THESE ERRORS IN APPELLANT BOBBY DEWAYNE EVANS DEFENSE. STUDER V. STATE, 799 S.W. 2d 263 (TEX. CRIM. APP. 1990) HELD THESE AMENDMENTS REQUIRED A DEFENDANT TO OBJECT AT TRIAL EVEN TO DEFECTS OF SUBSTANCE IN THE CHARGING INSTRUMENT.

(4)

THEREFORE, EVEN IF A DEFENDANTS INDICTMENT IS MISSING AN ELEMENT OF THE OFFENSE, OR IS OTHERWISE DEFECTIVE, IT MUST BE OBJECTED TO AT TRIAL.

THE TRIAL COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL TO APPELLANT BOBBY DEWAYNE EVANS DEFENSE BECAUSE THIS TYPE OF DEFECT CAN NO LONGER BE RAISED FOR THE FIRST TIME ON A WRIT OF HABEAS CORPUS. THAT GAYLYN COOPER DID NOT EVEN OBJECT TO ARGUE ABOUT THE WEAPON OR WEAPON'S COMPLANANT ACCUSE APPELLANT BOBBY DEWAYNE EVANS OF, BECAUSE, THERE WERE NEVER ANY BASEBALL BAT'S PRESENTED EVER IN TRIAL.

SEE ALSO, Duron V. STATE, 956 S.W. 2d 547 (TEX. CRIM. APP. 1997)

-AN INDICTMENT IS SUFFICIENT IF IT ACCUSES SOMEONE OF A CRIME WITH ENOUGH SPECIFICITY TO IDENTIFY THE PENAL STATUE UNDER WHICH THE STATE INTENDS TO PROSECUTE EVEN IF THE INDICTMENT IS OTHERWISE DEFECTIVE.

THE COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL IN APPELLANT BOBBY DEWAYNE EVANS DEFENSE BECAUSE THE COMPLANANT, OFFICER VAUGHN, AS WELL AS THE INDICTMENT, ALLEGE AN IMPOSSIBLE DATE TO CHARGE THE ACCUSE WITH AGGRAVATED ROBBERY (MARCH 30, 2012) BECAUSE APPELLANT BOBBY DEWAYNE EVANS AND PENZALLA I. WINSTON WERE INCARCERATED IN THE JEFFERSON COUNTY JAIL (MARCH 29, 2012) FOR OUTSTANDING WARRANTS. APPEARS IN BEAUMONT TEXAS IN JEFFERSON COUNTY, AT CLERK'S RECORD, I:126).

BEFORE THE COMPLANANT ACCUSED APPELLANT BOBBY DEWAYNE EVANS OF ANOTHER AGGRAVATED ROBBERY, AT 887 WASHINGTON BLVD.

THE COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL AT TRIAL (MAY 20-22, 2013) BECAUSE GAYLYN COOPER NEVER ARGUED ANY OF THESE THINGS IN APPELLANT'S DEFENSE ABOUT ANY OF THIS AT TRIAL MAY 20-22, 2013.

THE COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL BECAUSE AS MENTIONED EARLIER, THE FEDERAL COURT WILL NOT CONSIDER WRITS THAT DEAL WITH IRREGULARITIES IN INDICTMENTS. THESE PROBLEMS ARISE UNDER STATE LAW AND DO NOT BRING

(5)

INTO CONSIDERATION A FEDERAL OR CONSTITUTIONAL QUESTION UNLESS THE INDICTMENT IS SO DEFECTIVE THAT THE CONVICTING COURT HAD NO JURISDICTION. BRANCH V. ESTELLE, 631 F. 2d 1229 (5TH CIR. 1980).

GAYLYN COOPER WERE INEFFECTIVE ASSISTANCE COUNSEL BECAUSE HOWEVER, IF THE INDICTMENT WHOLLY FAILS TO NAME A DEFENDANT, OR NAMES AN IMPOSSIBLE DATE, THAT WILL PROVIDE THE BASIS FOR NOT ONLY A REVERSAL, BUT FOR DISMISSAL OF THE PROSECUTION. SEE EX PARTE PATTERSON, 902 S.W. 2d 487 (TEX. CRIM. APP. 1995), WHERE A PURPORTED BURGLARY OF A BUILDING INDICTMENT CHARGED THAT THE DEFENDANT WAS "BURGLARY OF A BUILDING."

COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE COUNSEL IN APPELLANT BOBBY DEWAYNE EVANS DEFENSE, BECAUSE, THE COURT OF CRIMINAL APPEALS REVERSED AND ORDERED THE PROSECUTION DISMISSED IN LIGHT OF COOK V. STATE, 902 S.W. 2d 471 (TEX. CRIM. APP. 1995).

THE TRIAL COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL TO CONCLUDE THAT HE ADVOCATED TO NOT DEFEND IN APPELLANT BOBBY DEWAYNE EVANS DEFENSE (MAY 20-22, 2013).

V. STATE'S CLOSING ARGUMENT

A. TRIAL COURT'S REFUSAL TO INSTRUCT JURY TO DISREGARD COMMENT ABOUT REASONABLE DOUBT MAY 22, 2013, "MY TRIAL WAS UNFAIR AND MY COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE (MAY 20-22, 2013) BECAUSE GAYLYN COOPER FELL ASLEEP DURING THE TRIAL ON APPELLANT BOBBY DEWAYNE EVANS IN CASE NO. 12-14438. IN ISSUES SIX AND SEVEN "MICHAEL MASSENGALE JUSTICE" ALSO AGREE AS WELL AS THE PANEL CONSISTS OF JUSTICES MASSENGALE, BROWN, AND HUDDLE. THAT THE COURT APPOINTED ASSISTANCE COUNSEL'S ARGUES THAT THE COURT'S ERRED BY FAILING TO INSTRUCT THE JURY TO DISREGARD THE STATE'S COMMENT ABOUT REASON- ABLE DOUBT IN ITS CLOSING ARGUMENT (MAY 22, 2013). ALTHOUGH GAYLYN COOPER'S OBJECTION TO THE COMMENT WAS SUSTAINED, THE TRIAL COURT REFUSED TO INSTRUCT THE JURY TO DISREGARD IT (MAY 22, 2013). GAYLYN COOPER WERE INEFFECTIVE ASSISTANCE COUNSEL BECAUSE "CONTESTED JURY ARGUMENT MUST BE EXTREME OR MANIFESTLY IMPROPER TO CONSTITUTE REVERSIBLE ERROR."

(6)

BRYANT V. STATE, 340 S.W. 301, 13 (TEX. APP.—Houston [1ST DIST.] 2010, PET. REF'd) "IN GENERAL, PROPER JURY AARGUMENT ENCOMPASSES ONE OF THE FOLLOWING (MAY 22, 2013): (1) SUMMATION OF THE EVIDENCE PRESENTED AT TRIAL (MAY 22, 2013); (2) REASONABLE DEDUCTIONS FROM THAT EVIDENCE (MARCH 29, 2012); (3) ANSWERS TO THE OPPOSING COUNSEL'S AARGUMENT (MAY 22, 2013); AND (4) PLEAS FOR LAW ENFORCEMENT (MARCH 29, 2012)." Id. (CITING GUEDRY V. STATE, 9 S.W. 3d 133, 154 (TEX. CRIM. APP. 1999). COURT APPOINTED ASSISTANCE COUNSEL GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL BECAUSE THE STATE OF TEXAS CONSIDER THREE FACTORS WHEN ASSESSING THE IMPACT OF THE HAAM AARISING FROM JURY-AARGUMENT ERROR: (1) THE SEVERITY OF THE MISCONDUCT (MAY 22, 2013) (THE MAGNITUDE OF THE PREJUDICIAL EFFECT OF THE PROSECUTOR'S REMARKS MAY 22, 2013); (2) THE MEASURES ADOPTED TO CURE THE MISCONDUCT (MAY 22, 2013) (THE EFFICACY OF ANY CAUTIONARY INSTRUCTION BY THE JUDGE MAY 22, 2013); AND (3) THE CERTAINTY OF CONVICTION ABSENT THE MISCONDUCT MAY 22, 2013 (THE STRENGTH OF THE EVIDENCE SUPPORTING THE CONVICTION MAY 22, 2013) THE COURT APPOINTED GAYLYN COOPER WERE VERY INEFFECTIVE ASSISTANCE COUNSEL BECAUSE EVERY ATTORNEY IN THE STATE OF TEXAS KNOW THIS. BERRY V. STATE, 233 S.W. 3d 847, 858-59 (TEX. CRIM. APP. 2007). TEX. C.C.P., AARTICLE 38.22, SECTIONS 3, 3 (A)(5), AND 5. SEE DANSBY V. STATE, 960 S.W. 2d 668 (TEX. APP. TYLER 1997, PET. REF'd.). BY ORDER OF DECEMBER 12, 2013, THIS COURT HELD (IN PERTINENT PART): "THE RECORD REFLECTS THAT THE TRIAL COURT HELD A SUPPRESSION HEARING DURING THE TRIAL OF THIS CAUSE OUTSIDE THE PRESENCE OF THE JURY. GAYLYN COOPER CONCEDES... THAT THE TRIAL COURT NEVER RULED ON HIS MOTIONS TO SUPPRESS, AND THE RECORD SUPPORTS THE TRIAL COURTS FINDING THAT THE STATE WITHDREW ITS PROFFER OF THE OBJECTED-TO TESTIMONY PRIOR TO THE TRIAL COURT RULING ON ITS ADMISSIBILITY DURING THE STATE'S CASE-IN-CHIEF. THE RECORD FURTHER SUPPORTS THE TRIAL COURT'S FINDING THAT GAYLYN COOPER NEITHER OBJECTED TO ANY TESTIMONY OFFERED DURING THE STATE'S REBUTTAL TESTIMONY NOR REQUESTED A RUNNING OBJECTION....

(7)

AS A RESULT, THE TRIAL COURT NEVER RULED ON THE ADMISSIBILITY OF THE OBJECTED-TO TESTIMONY OR ON GAYLYN COOPER'S SUPPRESSION MOTIONS."

"GAYLYN COOPER FAILED TO OBTAIN A RULING ON HIS SUPPRESSION MOTIONS (MAY 20-22, 2013. BECAUSE OF INEFFECTIVE ASSISTANCE. SCHAIRED V. STATE (APP. 1ST DIST. 1990) 786 S.W. 2d 497. WILSON V. LOTT (APP. 7TH DIST. 2000) 65 S.W. 3d 104. KACAL V. COHEN (APP. 10TH DIST. 2000) 13 S.W. 3d 900. MILLS V. HAGGARD (APP. 10TH DIST. 2000) 17 S.W. 3d 462, OPINION AFTER REMAND 58 S.W. 3d 164. AS INTERMEDIATE COURT, COURT OF APPEALS DOES NOT HAVE AUTHORITY TO CONSTRUE RULE OF PROCEDURE LIBERALLY TO ELARGE ITS JURISDICTION. WHITE V. BAKER & BOTTS (APP. 1ST DIST. 1992) 833 S.W. 2d 327, RULE 130 (D) MOTION. SEE RULE OF APPELLATE PROCEDURE 68.5. LENGTH OF PETITION AND REPLY. RULE 68.4 HUNTER V. STATE (CR. APP. 1995) 954 S.W. 2d 767.

THE COURT APPOINTED: GAYLYN COOPER MAY 22, 2013 WAS VERY INEFFECTIVE BECAUSE DEFENSE COUNSEL FAILURE TO OBJECT TO A JURY AARGUMENT OR A FAILURE TO PURSUE TO AN ADVERSE RULING HIS OBJECTION TO A JURY AARGUMENT FORFEITS APPELLATE BOBBY DEWAYNE EVANS RIGHT TO COMPLAIN ABOUT THE AARGUMENT ON APPEAL. COCKRELL V. STATE, 933 S.W. 2d 73, 89 (TEX. CRIM. APP. 1996); SEE TEX. R. APP. P. 33.1 (A).

THE COURT APPOINTED: GAYLYN COOPER IS INEFFECTIVE ASSISTANCE COUNSEL TO APPELLATE BOBBY DEWAYNE EVANS MAY 22, 2013 BECAUSE DEFENSE COUNSEL ALSO WAIVES APPELLATE RIGHT TO COMPLAIN OF ERROR ON APPEAL IF HIS TRIAL OBJECTION DOES NOT COMPORT WITH HIS APPELLATE ISSUES. CURIEL V. STATE, 243 S.W. 3d 10, 19 (TEX. APP.— Houston [1ST DIST.] 2007, PET. REF'd).

THE COURT APPOINTED COUNSEL GAYLYN COOPER IS VERY INEFFECTIVE ASSISTANCE TOWARD APPELLANT BOBBY DEWAYNE EVANS DEFENSE MAY 20-22, 2013.

(8)

## Conclusion and Prayer

For all of the above reasons, Appellate Bobby Dewayne Evans respectfully prays that the Honorable Court of Appeals reverse the trial court's judgment, and remand for a new trial. Appellate Bobby Dewayne Evans further prays that this court know "that my trial was unfair and my counsel's was very ineffect in cause no. 12-14438 because the court appointe counsel Gaylyn Cooper SBN#04774700 was not prepared and told me he had the videotapes or audiotapes made in the investigation and rushed me to trial without objecting nor arguing anything in my defense. Nor the void indictment before the grand jury like he said he would. Court appointed counsel: Gaylyn Cooper for May 20-22, 2013 trial was ineffective assistant counsel in appellant Bobby Dewayne Evans defense.

As well as the appeal counsel: Jack Lawrence SBot #12043800 because I filed ineffective assistance counsel after sentencing and the first time I spoke with Jack Lawrence in Jefferson County Jail I ask for him to file ineffective assistance counsel and he did not in this case.

Alternatively, Appellate Bobby Dewayne Evans respectfully prays that the appeal be abated and the case remanded for appropriate relief.

Respectfully submitted,

_Bobby D. Evans_
Bobby D. Evans
Appellate Defendant
Stiles Unit
3060 F.M. Road 3514
Beaumont, Texas 77705
T.D.C.J. #0506069758

(9)